UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO. 07-232-M-01 |
| ANTONIO BLAYLOCK | : | |

DEFENDANT'S APPEAL OF THE DETENTION ORDER

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and the Bail Reform Act of 1984, respectfully seeks to appeal the detention order entered on May 25 , 2007, by the Honorable Alan Kay, United States Judge Magistrate. In support of that request,  the defendant states the following:

1. On May 22, 2007, the defendant made an initial appearance on a charge of possession of a firearm by convicted felon, a violation of 18 U.S.C. §922(g). A combined preliminary/detention hearing was held on May 25, 2007.  Following that hearing, the court concluded that no condition or combination of conditions could reasonable assure community safety. The defendant was consequently held without bond.

3. The evidence adduced at the preliminary hearing can fairly be summarized as follows. On May 21, 2007, at approximately, 9:48 a.m., the defendant was observed in front of the Seventh District of the Metropolitan Police Department in the 2500 block of Alabama Avenue S.E..  He was standing in the middle of the street discharging a handgun in the air.  Police officers ran from the station and ordered the defendant to put the gun down. He was totally

compliant, separating the magazine from the firearm, and throwing both on the sidewalk.[1] Following that, the defendant removed all of his clothes. He was immediately arrested and transported to the hospital where he was diagnosed as suffering from pcp intoxication. Following his arrest, Mr. Blaylock stated that his actions were designed to promote his "label," a reference to a musical compact disk he had created.  At no time did the defendant ever menace anyone with the firearm or threaten anyone in any way.  It was clear that the defendant was under the influence of drugs at the time of the event.

4. While the defendant's erratic behavior would certainly cause a judicial officer to hesitate in authorizing his release, counsel does not believe that reasonable conditions of release cannot be fashioned. To begin, the defendant is a lifelong resident of the District of Columbia. He has a verified address at 4520 Fort Totten Drive N.E, where he lives with his grandfather, Mr. Leroy Black.  Numerous family members attended both his initial appearance and preliminary hearing.  The defendant also has bee employed for approximately 17 months. His current employment was with an Auto Zone on Allentown Road, in Temple Hills, MD.  While Mr. Blaylock has a past criminal record for an assault in Maryland, and D.C. misdemeanor BRA, the Pretrial Services Agency reported that he has recently completed two periods of probation successfully.  Consequently, it appears that he has responded well to supervision and has indicated that he can comply with court requirements.

5. It is suggested that the defendant be permitted release under the strict requirements of either electronic monitoring (Heightened Supervision) or halfway house placement.  Such

---

[1] Approximately 23 small bags of marijuana were also found on the sidewalk near the firearm.

2

placement would be accompanied by drug testing and drug counseling.  The suggested conditions would, in the defendant's view assure community safety and reappearance, while allowing the defendant to work and contribute to his family's economic well-being.

6. Clearly, this bizarre incident raises significant concern.  Counsel believes that it was an aberrant episode that, with proper drug counseling and testing, should not be repeated.  Aware of what he did, the defendant has no desire or intention to involve himself in another such spectacle. The humiliation of being naked on a busy D.C. thoroughfare will clearly motivate the defendant to do everything in his power to avoid any recurrence.  It is vital for the court to keep in mind that there was no intention or indication that the defendant wanted to harm anyone. His compliance with police commands is obviously evidenced by the fact that he is still alive.  Had he been threatening in any way, the consequences would have been catastrophic.  Counsel believes that the defendant's desire to avoid any repetition of this sort of behavior should satisfy the court that he can be released under the strict conditions that have been suggested.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court, release him under the foregoing conditions.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

3

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT a copy of the foregoing was served by electronic filing on a

all interested parties, this 4th day of June, 2007.

.

_____

Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA                    :

        v.                                         :    CR. NO. 07-232-M-01

ANTONIO BLAYLOCK                            :

## O R D E R

_____The court has before it the request of the defendant that he be released on either electronic

monitoring or placed in a halfway house pending resolution of this matter..  The court finds that

the defendant has advanced good cause for his request. It is therefore, this _____ day of June,

2007,

      ORDERED, that the motion be, and hereby is, granted.

      FURTHER ORDERED, that the defendant be released under the following conditions:

That he be required to reside at _____, that he receive weekly drug testing and

drug counseling, and that he maintain employment throughout the pendency of this matter.


_____
THOMAS F. HOGAN
CHIEF JUDGE, U.S. DISTRICT COURT
 FOR THE DISTRICT OF COLUMBIA