UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

v. : CR. NO. 07-157-01 (HKK)

ANTOINE BLAYLOCK :

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, having entered a plea of guilty to one count of possession of a firearm by a convicted felon a violation of 18 U.S.C. §922(g), will appear before this honorable court for sentencing on February 15, 2008. Counsel respectfully requests that the court consider the following memorandum in deciding the appropriate sentence.

OFFENSE CONDUCT

1. As the court is aware, the conviction in this offense stemmed from an event that is bizarre in all respects. On May 21, 2007, at approximately 9:45 a.m., the defendant, gun in hand, appeared in front of the 7th District of the Metropolitan Police Department on Alabama Avenue S.E. He had parked his car in the middle of the street, walked to the sidewalk, and began discharging the firearm in the air. Armed police officers emerged from the station and ordered Mr. Blaylock to drop the weapon. He immediately complied with the order, removed the magazine from the weapon and dropped the gun and magazine to the ground. After that, he removed all his clothing. Police officers wrapped him in a blanket and, upon observing his condition, took him to Greater Southeast Hospital. Found on the sidewalk were a number of

ziplock bags containing marijuana. It is that marijuana that is the basis of the four level enhancement that the defendant opposes.

2. On November 9, 2007, the defendant entered a guilty plea to possession of a firearm by a convicted felon, a general intent crime. At the time of the plea, Mr. Blaylock represented that he had no recollection of the events that led to the plea.

SENTENCING GUIDELINES

3. The probation office, after a three level downward adjustment for acceptance of responsibility, has calculated the defendant's guidelines at Offense Level 21, Criminal History Category IV (57 to 71 months. Mr. Blaylock as indicated in the Receipt and Acknowledgment appended to the presentence report, has no objection to the calculation of his criminal history. He does, however, dispute the four level enhancement under U.S.S.G. §2K2.1(b)(6). Presumably this adjustment was based on his weapons possession "in connection with another felony offense." That offense was his possession with the intent to distribute marijuana. For the reasons that follow, the defendant disputes that upward adjustment.

4. Immediately after his arrest, Mr. Blaylock was brought to the Greater Southeast Hospital emergency room. At the time of his admission, it was reported that his chief complaint was the desire "to sell more music under his record label," a reference to "rap" cd's that the defendant had with him at the time of his arrest. He was further described as "confused, angry, frustrated, agitated, and hostile." He reported the belief that the incident would help sell his "records." At the time of his arrival at the emergency room, the defendant's pulse rate was 105 beats per minute, his blood pressure at 211/104. An attending physician sedated the defendant, and eight hours after his arrival he was returned to police custody.

5. It is well-settled that alcohol or drug use, when it rises to a certain level of intoxication, can form a defense to a specific intent crime. In such cases, a defendant simply lacks the ability to form the intent that is an element of the offense. In the instant case, the offense of conviction was a *general* intent crime. The remaining indicted counts, which are to be dismissed at sentencing, required a specific intent for conviction. Possession with the intent to distribute marijuana requires *an intent* that was clearly lacking at the time of his arrest. Culpability for such an offense requires a specific *mens rea*. Mr. Blaylock must have had the intent to distribute marijuana at the same time he possessed the firearm. Only then could a sufficient "connection" be established between the firearms offense and the enhancing drug felony. Clearly, his mental state, his ridiculous utterances, and the location (a police station) provide firm evidence that he was not there to distribute marijuana. While it might be argued that he constructively "possessed" marijuana -a general intent offense- such possession would simply be a misdemeanor under D.C. and federal law, and not a drug felony as required by the guidelines provision.[1]

5. The need to establish the requisite criminal intent applies not only to a trial situation but to sentencing as well. See United States v. Burke, 888 F.2d 862 (D.C. Cir. 1989); United States v. Brown, 449 F.3d 154 (D.C. Cir. 200). This position was reiterated in the circuit court's recent opinion in United States v. Sheehan, 2008 WL 108721, (D.C. Cir. 1/11/08), a case involving whether a *mens rea* requirement applied to a regulation prohibiting demonstrating outside the White House without a permit. In reversing a conviction, the circuit court commented

---

[1] A general intent offense "is one in which an act was done voluntarily and not because of accident or mistake." See United States v. Lewis, 780 F.2d 1140 (4th Cir. 1986); United States v. Blair, 54 F.3d 639 (10th Cir. 1995).

that strict liability in the interpretation of criminal statutes is generally disfavored. It followed, therefore, that criminal statutes *and regulations* contain a men rea requirement unless the specific language of the statute or rule indicates otherwise. U.S.S.G. §2K2.1(b)(6) provides an enhancement:

> "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm . . . with knowledge, intent, or reason to believe the that it would be used or possessed in connection with another felony offense, increase by 4 levels."

There is nothing in the language of the guideline that indicates that strict liability was intended as to the first part of the provision; that two events merely occurring at the same time would satisfy the rule. Certainly, the second part of the provision concerning weapon transfer makes it clear that intent is clearly required.

      6. For the foregoing reason, the defendant believes that the probation office was incorrect in its recommendation that the four level upward adjustment be applied. Mr. Blaylock respectfully submits that the appropriate calculation would place him at Offense Level 17, Criminal History Category IV (37 to 46 months).

      7. The defendant further understands that under the methodology established in <u>United States v. Rita</u>, (citation omitted), calculation of the appropriate guideline is the first step. The application of the factors enumerated in 18 U.S.C. §3553(a) will be addressed in a separate memorandum.

Respectfully submitted,

_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2008, a copy of the foregoing was served electronically on all interested parties.

_____
Edward C. Sussman