UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

      v.                                    :          CR. NO.  07-157-01 (HHK)

ANTOINE BLAYLOCK                 :


DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

    Previously, the defendant, through counsel, had filed a memorandum concerning the guidelines calculation that he believed appropriate in this matter.  The following submission deals with the application of "statutory" factors in this case.

    1. In his initial memorandum, the defendant took issue with the four levels that had been added to the defendant's offense level by virtue of the finding that the firearm had been possessed "in connection" with a felony drug offense.   Depending how that matter is resolved, Mr. Blaylock's advisory guideline range would be either 57 to 71 months (Level 21, Category IV) or 37 to 46 months (Offense Level 17, Category IV).  As the court is well aware, under <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007), and its progeny, the sentencing process begins with an accurate guideline calculation.  Courts are then to draw guidance from the statutory factors enumerated in 18 U.S.C. §3553(a).

    2.  The relevant statute enumerates a number of  factors for the court's consideration. In the defendant's view, those that are most relevant to this sentencing include : (1) the nature of the offense and the history and the history and characteristics of the defendant; (2) the need to

advance the interests of just punishment, deterrence, and public safety; and (3) to provide the defendant with needed medical care, and educational and vocational training.

 3. With regard to the nature of the offense, its bizarre details have previously been discussed. While clearly the public firing of a weapon poses a community danger, it is significant to note that nobody was actually menaced during this incident. The person most at risk was Mr. Blaylock. Had he acted in a threatening manner, he would certainly not have lived to tell the tale. Shots fired in the air, while obviously disturbing, are no real danger. Counsel cannot recall ever hearing of an incident where anybody was hit, let alone harmed by a falling bullet. In essence, the inherent dangerousness of the offense should not be exaggerated.

 4. The key element in the defendant's view becomes the length of sentence that will provide appropriate punishment and allow the defendant to attend to his educational needs and drug use. At the age of 27, the defendant has only an eighth grade education. Clearly, while incarcerated, he needs to complete his GED. As the record reveals, drug use poses a problem for Mr. Blaylock and the instant offense was a likely product of such use. Drug treatment is a must. Along this line, the court should note that the nature of the offense precludes Mr. Blaylock from shortening his prison sentence by virtue of participation in a prison drug treatment program. Additionally, while the defendant is knowledgeable regarding auto repair, he must obtain skills that can lead to some certification.[1]

 5. Mr. Blaylock is at a "crossroads" point in his life. Following this period of incarceration, he must decide whether he will commit to a drug free, "productive" life or fall into

---

[1] His knowledge regarding car repair resulted in his employment with an auto parts store. Clearly, his mechanical skills and aptitude should be encouraged and furthered.

a criminal lifestyle that will inevitably result in repeated, and lengthier, incarcerations. Hopefully, what occurs while he is imprisoned for this offense, will provide him with skills that will permit a wise choice.

      6. Obviously, the court's decision on the guidelines issue will have a significant impact on the sentencing. Frankly, should the court adopt the legal conclusion advocated by the defendant, a guideline range sentence might well be appropriate. The statute advises the court to impose the lowest sentence that will fulfill the aims of sentencing. It is counsel's belief that the types of things needed by Mr. Blaylock could well be provided in a three year period. Exactly how close or far that is from the court' guideline calculation must await the sentencing hearing. Consequently, the defendant respectfully requests the opportunity to address the appropriate sentence more definitively until after the court has ruled on outstanding legal issues.

      7. The defendant and counsel thank the court in advance for its consideration of this memorandum.

                                                                       Respectfully submitted,

                                                               _____/s/_____
                                             Edward C. Sussman No. 174623
                                             Suite 900 - South Building
                                             601 Pennsylvania Avenue N.W.
                                             Washington, D.C. 20004
                                             (202) 737-7110

CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of February, 2008, a copy of the foregoing was served electronically on all interested parties.

_____/s/_____
Edward C. Sussman